IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EMMANUEL THAD EREME | * |
| | * |
| Movant | * |
| | * |
| v. | *   Civil No. PJM 08-671 |
| | *   (Criminal No. PJM 02-478) |
| UNITED STATES of AMERICA | * |
| | * |
| Respondent | * |
| | * |

## MEMORANDUM OPINION

### I.

Emmanuel Thad Ereme has filed a Motion for a Certificate of Appealability ("COA") [Paper No. 342] under 28 U.S.C. § 2253 to appeal the judgment denying his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("2255 Motion"). Having read and considered the Motion, for the following reasons, the COA is **GRANTED**.

### II.

Following a jury trial, Ereme was convicted of conspiracy to dispense, distribute, and possess with intent to distribute Schedule II controlled substances in violation of 21 U.S.C. §§ 841-46. He was sentenced to 144 months in prison. On direct appeal, the Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. *United States v. Ereme*, 2007 WL 1046887 (4th Cir. 2007). In his 2255 Motion, Ereme argued that his Sixth Amendment right to effective counsel was violated because : (1) trial counsel failed to file a pre-trial motion to suppress statements Ereme made to Agent Walter Stapels in response to a custodial interrogation, and thereafter waived the issue at trial; (2) trial counsel failed to properly authenticate the records

from Eckerd Pharmacy, rendering the records inadmissible; (3) trial counsel failed to impeach Dr. Robert Hunt for bias and appellate counsel failed to object to the propriety of much of Dr. Hunt's testimony; and (4) appellate counsel failed to challenge the Court's jury instruction on good faith, then incorrectly addressed it in a Federal Rule of Appellate Procedure 28(j) letter. The Court denied the Motion on all four grounds, holding that Ereme's claims of ineffective assistance of counsel did not pass the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Ereme now brings this Petition for a COA to pursue his appeal on the issue of whether his appellate counsel's assistance was ineffective due to counsel's failure to challenge this Court's jury instruction on good faith, and thereafter incorrectly addressing it in a FRAP 28(j) letter.

### III.

To obtain a certificate of appealability under § 2253(c), a petitioner must make a "substantial showing" of a denial of a constitutional right. *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). To meet this standard, Petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). When the district court denies a habeas petition on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner argues that appellate counsel's raising of the good faith jury instruction

through an improper mechanism demonstrates that counsel's conduct was the result of error and not sound appellate strategy. Furthermore, he argues that by declining to provide him with the good faith instruction, the trial court effectively removed a defense instruction, to which he was entitled to under the law, from the jury's consideration. The Court concludes that the Petitioner has made the requisite showing under the aforementioned *Slack* criteria and that reasonable jurists could debate the merits of his argument.

### IV.

Therefore, the Court **GRANTS** the Petition for a Certificate of Appealability.

A separate Order accompanies.

October 8, 2009

                                                        PETER J. MESSITTE
                                                        UNITED STATES DISTRICT JUDGE